**In re RELIANT ENERGY, INC., Relator.**

**No. 02–0700.**

Supreme Court of Texas.

March 11, 2005.

David Michael Rodi, Ioannis Vasilios Anaipakos, Macey Reasoner Stokes, Ste-

---

phen G. Tipps, Baker & Botts, L.L.P., Houston, Eduardo R. Rodriguez, Robert Patrick Rodriguez, Rodriguez, Colvin, Chaney & Saenz, L.L.P., Brownsville, for relator.

Pamela Stanton Baron, Austin, Anthony F. Constant, Miguel Jose Chapa, Constant & Vela, Corpus Christi, Jose E. Chapa, Yzaguirre & Chapa, Juan J. Hinojosa, Hinojosa & Powell, P.C., McAllen, for respondent.

PER CURIAM.

Reliant Energy, Inc. seeks a writ of mandamus directing the Hidalgo County statutory probate court to vacate an order purporting to transfer to itself a wrongful death and survival action pending in a Harris County district court. Because venue is improper in Hidalgo County and Reliant has objected, section 5B of the Probate Code[1] does not authorize the transfer. Accordingly, we conditionally grant mandamus relief.

We have today decided *Gonzalez v. Reliant Energy, Inc.*, which involves the same parties and many of the same issues.[2] The facts are more fully set forth in our opinion in that case, and we will recount them only briefly here.

Guadalupe Gonzalez, Jr. was killed while working at Reliant's power plant in Fort Bend County. He was domiciled in Hidalgo County at the time of his death, and his widow Jannete Gonzalez instituted probate proceedings in that county for the administration of his estate. Gonzalez then filed a wrongful death and survival action against Reliant in the Hidalgo County probate court. Reliant moved to transfer the wrongful death and survival suit to Harris County, where Reliant's principal place of business is located. The probate court denied that motion.

Gonzalez then filed a second, identical wrongful death and survival action in a district court in Harris County, and ten days after doing so, requested that the Hidalgo County probate court transfer the Harris County action to the Hidalgo County probate court. The probate court granted that motion. Subsequently, the Harris County district court entered a temporary injunction prohibiting Gonzalez "from engaging in proceedings with respect to the wrongful death suit" pending in Hidalgo County. However, the probate court's transfer order has not been withdrawn or vacated and remains outstanding. Reliant sought mandamus relief in the Thirteenth District Court of Appeals, requesting that court to order the probate court to withdraw its transfer order, and that request was denied. Reliant then sought mandamus relief from this Court.

The version of section 5B of the Probate Code in effect prior to the 2003 amendments governs this case, and it provides:

A judge of a statutory probate court, on the motion of a party to the action or on the motion of a person interested in an estate, may transfer to his court from a district, county, or statutory court a cause of action appertaining to or incident to an estate pending in the statutory probate court or a cause of action in which a personal representative of an estate pending in the statutory probate court is a party and may consolidate the transferred cause of action with the oth-

---

1. Act of May 20, 1999, 76th Leg., R.S., ch. 1431, § 1, 1999 Tex. Gen. Laws 4876, 4876 (amended 2003) ("former Tex. Prob.Code § 5B") (current version at Tex. Prob.Code § 5B).

2. 159 S.W.3d 615, 2005 WL 563092 (Tex. 2005).

er proceedings in the statutory probate court relating to that estate.[3]

However, as we have held today in the related interlocutory appeals from the First District Court of Appeals,[4] section 15.007 of the Civil Practice and Remedies Code directs that in a wrongful death or personal injury case, the venue provisions in Chapter 15 are paramount, not the Probate Code. Section 15.007 provides:

> Notwithstanding Sections 15.004, 15.005, and 15.031, to the extent that venue under this chapter for a suit by or against an executor, administrator, or guardian as such, for personal injury, death, or property damage conflicts with venue provisions under the Texas Probate Code, this chapter controls.[5]

Section 15.002 governs venue in wrongful death and survival actions.[6] Venue of Gonzalez's suit was not proper in Hidalgo County. None of the events giving rise to Guadalupe Gonzalez's death occurred in that county, and Reliant's principal place of business is in Harris County. Accordingly, the Hidalgo County probate court had no authority to transfer to itself the Harris County action.

In *In re SWEPI, L.P.*, we held that when a probate court transfers a case to itself without statutory authority, it has "actively interfered with the jurisdiction" of the other court, and mandamus relief should be granted.[7] In the case presently before us, the Hidalgo County probate court's transfer order actively interferes with the Harris County district court's jurisdiction. Although the Harris County district court entered an anti-suit injunction prohibiting Gonzalez from proceeding further with the wrongful death and survival claims in Hidalgo County, the Hidalgo County probate court's transfer order remains outstanding. The district clerk of Harris County or the clerk of the Harris County district court in which Gonzalez's suit is pending is still faced with a directive to transfer a case from Harris County to Hidalgo County. The anti-suit injunction directed at Gonzalez did not obviate the need for mandamus relief, and as we explain in *Gonzalez v. Reliant*, mandamus relief in this original proceeding does not obviate the need for an injunction prohibiting Gonzalez from proceeding with the wrongful death and survival claims in Hidalgo County.[8] Complete relief requires both a writ of mandamus and an anti-suit injunction.

Pursuant to Texas Rule of Appellate Procedure 52.8(c), we issue this opinion without hearing oral argument[9] and conditionally grant a writ of mandamus directing the Hidalgo County probate court to

---

**3.** Former Tex. Prob.Code § 5B, *supra* n. 1.

**4.** *Gonzalez*, 159 S.W.3d at 621, 2005 WL 563092, at *4.

**5.** Tex. Civ. Prac. & Rem.Code § 15.007.

**6.** It provides:

> § 15.002. Venue: General Rule
> (a) Except as otherwise provided by this subchapter or Subchapter B or C, all lawsuits shall be brought:
> (1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;
> (2) in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person;
> (3) in the county of the defendant's principal office in this state, if the defendant is not a natural person; or
> (4) if Subdivisions (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.
>
> Tex. Civ. Prac. & Rem.Code § 15.002.

**7.** 85 S.W.3d 800, 809 (Tex.2002).

**8.** 159 S.W.3d at 622, 2005 WL 563092, at *5.

**9.** Tex.R.App. Proc. 52.8(c).

vacate its transfer order. That writ will issue only if the probate court fails to act in accordance with this opinion.