**In re TEREX CORP., Terex Cranes, Inc., Harnischfeger Corp., Anthony Crane Rental d/b/a Maxim Crane Works, Curtis Shiflet, David Keener, Keith Clark, and Crane & Rigging Consultants, Inc., Relators.**

No. 04–0015.

Supreme Court of Texas.

March 11, 2005.

R. Chris Harvey, Jenifer L. Balch, James A. Harrison, Gwinn & Roby, Dallas,

M. Mitchell Moss, Robles Bracken Coffman & Hughes LLP, El Paso, John Hilton Dies Jr., Rick Lee Oldenettel, Oldenettel & Associates, P.C., William O'Rourke, Ann E. Knight, O'Rourke & Knight, P.L.L.P., Houston, for relators.

Steven C. Laird, John Michael Cummings, Jean Robb Hubert, Law Offices of Steven C. Laird, P.C., Fort Worth, John P. Mobbs, J. Roberto Oaxaca, Oaxaca Bernal & Associates, El Paso, for real party in interest.

PER CURIAM.

The issue in this original proceeding is whether section 15.007 of the Civil Practice and Remedies Code authorizes a statutory probate court to transfer a wrongful death and survival case to itself under section 5B of the Probate Code when venue is improper under chapter 15 of the Civil Practice and Remedies Code in the county where the probate court is located and a party objects. Because we answered this question in the negative in our opinions released today in *Gonzalez v. Reliant Energy, Inc.*[1] and *In re Reliant Energy, Inc.,*[2] we hold in this case that the El Paso County probate court erred in transferring a wrongful death action from a Tarrant County district court to itself under section 5B of the Probate Code.[3] Venue was improper in El Paso County under chapter

2. 159 S.W.3d 624, 2005 WL 563093 (Tex. 2005).

3. Act of May 20, 1999, 76th Leg., R.S., ch. 1431, § 1, 1999 Tex. Gen. Laws 4876, 4876 (amended 2003) (current version at Tex. Prob. Code § 5B).

4. Tex. Civ. Prac. & Rem.Code 15.002.

5. Tex.R.App. P. 52.8(c).

1. 159 S.W.3d 615, 2005 WL 563092 (Tex. 2005).

2. 159 S.W.3d 624, 2005 WL 563093 (Tex. 2005).

3. Act of May 20, 1999, 76th Leg., R.S., ch. 1431, § 1, 1999 Tex. Gen. Laws 4876, 4876 (amended 2003) (current version at Tex. Prob. Code § 5B).

15 of the Civil Practice and Remedies Code.[4]

Pursuant to Texas Rule of Appellate Procedure 52.8(c), we issue this opinion without hearing oral argument[5] and conditionally grant mandamus relief directing the El Paso County Probate Court to vacate its order granting the motion to transfer. Our writ will issue only if the probate court fails to act in accordance with this opinion.