In re WILSON N. JONES MEMORIAL HOSPITAL, Ramona Henson, R.N., and Shelly Self, L.V.N., Relators.

No. 03–0867.

Supreme Court of Texas.

March 11, 2005.

John B. Kyle, Dena L. Mathis, Kim A. Nicholas, Kyle Mathis & Lucas, L.L.P., Dallas, Glenn M. Karisch, Barnes & Karisch, P.C., Austin, for relators.

Jack W. London, Law Offices of Jack W. London & Associates, P.C., Alice London, Watson Bishop London & Galow, Austin, for real party in interest.

PER CURIAM.

The issue in this original proceeding is whether section 15.007 of the Civil Practice and Remedies Code authorizes a statutory probate court to transfer a wrongful death and survival case to itself under section 5B of the Probate Code when venue would be improper under chapter 15 of the Civil Practice and Remedies Code in the county in which the probate court is located and a party objects. In our opinions issued today in *Gonzalez v. Reliant Energy, Inc.*[1] and

---

**1.** 159 S.W.3d 615, 2005 WL 563092 (Tex.2005).

*In re Reliant Energy, Inc.*,[2] we answered this question in the negative. We therefore hold in this case that the Travis County probate court erroneously transferred a wrongful death and survival action from a Grayson County district court to itself pursuant to section 5B of the Probate Code.[3] Venue was not proper in Travis County under chapter 15 of the Civil Practice and Remedies Code.[4]

Pursuant to Texas Rule of Appellate Procedure 52.8(c), we issue this opinion without hearing oral argument[5] and conditionally grant mandamus relief directing the Travis County probate court to vacate its order granting the motion to transfer. Our writ will issue only if the probate court fails to act in accordance with this opinion.

**2.** 159 S.W.3d 624, 2005 WL 563093 (Tex. 2005).

**3.** Act of May 20, 1999, 76th Leg., R.S., ch. 1431, § 1, 1999 Tex. Gen. Laws 4876, 4876 (amended 2003) (current version at Tex. Prob. Code § 5B).

**4.** Tex. Civ. Prac. & Rem.Code 15.002.

**5.** Tex.R.App. P. 52.8(c).

