Jannete GONZALEZ, as Dependent Administrator of the Estate of Guadalupe Gonzalez, Jr., Deceased, Petitioner,

v.

RELIANT ENERGY, INC., Respondent,

and

Jannete Gonzalez, as Dependent Administrator of the Estate of Guadalupe Gonzalez, Jr., Deceased, Petitioner,

v.

Reliant Energy, Inc., Respondent.

Nos. 03–0469, 03–0470.

Supreme Court of Texas.

Argued Nov. 19, 2003.

Decided March 11, 2005.

Pamela Stanton Baron, Austin, Anthony F. Constant, Miguel Jose Chapa, Constant & Vela, Corpus Christi, Thomas C. Wright, Wright Brown & Close, LLP, Houston, for petitioner.

Macey Reasoner Stokes, David Michael Rodi, John Anaipakos, Stephen G. Tipps, Susanna Dokupil, Baker & Botts, L.L.P., Houston, for respondent.

Ben Taylor, Fulbright & Jaworski L.L.P., Dallas, for Zachry Construction Corporation and H.B. Zachry Company, Docket No. 03-0469.

Justice OWEN delivered the opinion of the Court.

Two interlocutory appeals in the same underlying case present the issue of whether section 15.007 of the Texas Civil Practice and Remedies Code places venue limitations on a statutory probate court's discretionary authority, pursuant to section 5B of the Texas Probate Code, to transfer to itself a wrongful death, personal injury, or property damage case in which a personal representative of an estate pending in that court is a party. The court of appeals held that under section 15.007, a statutory probate court cannot effectuate such a transfer unless venue in the county in which the probate court is located would be proper under section 15.002 of the Civil Practice and Remedies Code.[1] We affirm.

## I

Guadalupe Gonzalez, Jr., lived with his wife Jannete and their children in Hidalgo County. Guadalupe Gonzalez was killed in an accident while working at a Reliant Energy power plant in Fort Bend County, near Houston. Jannete Gonzalez initiated an estate administration proceeding in statutory probate court in Hidalgo County and was appointed dependent administrator of her husband's estate. While the administration of the estate was pending, Gonzalez filed a wrongful death and survival action against Reliant in the Hidalgo County statutory probate court. Reliant moved to transfer venue of the wrongful death and survival case to a district court in Harris County, where its principal place of business is located.[2] The probate court denied the motion.

Meanwhile, Gonzalez filed an identical wrongful death and survival action in a Harris County district court and ten days later filed a motion in the Hidalgo County probate court asking that court to transfer the Harris County suit to Hidalgo County and consolidate the two actions, citing former section 5B of the Texas Probate Code. The version of section 5B that was in effect prior to the 2003 amendments[3] applies to this suit,[4] and it provided:

A judge of a statutory probate court, on the motion of a party to the action or on the motion of a person interested in an estate, may transfer to his court from a district, county, or statutory court a

---

1. 102 S.W.3d 868, 875 (Tex.App.-Houston [1st Dist.] 2003).

2. *See* Tex. Civ. Prac. & Rem.Code § 15.002(a)(3).

3. Tex. Prob.Code §§ 5A(f), 5B(b) (added by Act of June 2, 2003, 78th Leg., R.S., ch. 204 §§ 3.05, .06, 2003 Tex. Gen. Laws 847, 854) ("Notwithstanding any other provision of this chapter, the proper venue for an action by or against a personal representative for personal injury, death, or property damages is determined under Section 15.007, Civil Practice and Remedies Code.").

4. Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 23.02(d), 2003 Tex. Gen. Laws 847, 899 (effective September 1, 2003) ("Except as otherwise provided in this section or by a specific provision in an article, this Act applies only to an action filed on or after the effective date of this Act. An action filed before the effective date of this Act, including an action filed before that date in which a party is joined or designated after that date, is governed by the law in effect immediately before the change in law made by this Act, and that law is continued in effect for that purpose.").

618

cause of action appertaining to or incident to an estate pending in the statutory probate court or a cause of action in which a personal representative of an estate pending in the statutory probate court is a party and may consolidate the transferred cause of action with the other proceedings in the statutory probate court relating to that estate.[5]

Back in Harris County, Reliant answered in the Harris County suit and applied for an anti-suit injunction, requesting that Gonzalez be enjoined from pursuing the wrongful death and survival action in Hidalgo County. Reliant argued that section 15.007 of the Civil Practice and Remedies Code rendered venue of that suit improper in Hidalgo County and that the Harris County court had dominant jurisdiction over Gonzalez's wrongful death and survival claims even though they were first filed and remained pending in Hidalgo County. Section 15.007 provides:

> Notwithstanding Sections 15.004, 15.005, and 15.031, to the extent that venue under this chapter for a suit by or against an executor, administrator, or guardian as such, for personal injury, death, or property damage conflicts with venue provisions under the Texas Probate Code, this chapter controls.[6]

Gonzalez countered by filing an amended motion to transfer in Hidalgo County, informing the probate court of the impending anti-suit injunction hearing in Harris County. The Hidalgo County probate court then advanced its hearing on the motion to transfer to itself the Harris County suit so that its hearing would occur before the Harris County anti-suit injunction hearing. Reliant responded by mov-

ing for and obtaining a temporary restraining order in the Harris County court requiring Gonzalez to contact the Hidalgo County court and reschedule the hearing on the motion to transfer for a date after the anti-suit injunction hearing.

In accordance with the Harris County district court's temporary restraining order, Gonzalez filed a request in the Hidalgo County probate court to reschedule the transfer hearing. The probate court denied that request, as well as Reliant's motion for a continuance, proceeded with its hearing, and granted Gonzalez's motion to transfer her suit out of the Harris County district court and into the Hidalgo County probate court. The Hidalgo County probate court also denied Reliant's motion to abate.

Subsequently, the hearing on Reliant's application for an anti-suit injunction went forward in the Harris County district court, and that court refused to grant injunctive relief. Reliant then initiated proceedings in two courts of appeals. It sought a writ of mandamus from the Thirteenth District Court of Appeals directing the Hidalgo County court to vacate its transfer order, and that request for relief was denied. Reliant also perfected an interlocutory appeal[7] in the First District Court of Appeals from the Harris County district court's denial of temporary injunctive relief. One business day before the Hidalgo County wrongful death and survival case was set for trial, a divided court of appeals sitting *en banc*, held that the Harris County district court had abused its discretion in denying Reliant's request for an anti-suit injunction. The court of appeals remanded the case to the Harris

5. Act of May 20, 1999, 76th Leg., R.S., ch. 1431, § 1, 1999 Tex. Gen. Laws 4876, 4876 (amended 2003) ("former Tex. Prob.Code § 5B") (current version at Tex. Prob.Code § 5B).

6. Tex. Civ. Prac. & Rem.Code § 15.007.

7. Tex. Civ. Prac. & Rem.Code § 51.014(a)(4).

County district court with instructions to enter a temporary injunction. In accordance with the court of appeals' directive, the Harris County district court enjoined Gonzalez "from engaging in proceedings with respect to the wrongful death suit" pending in the Hidalgo County probate court. Gonzalez filed a motion for rehearing of the court of appeals' decision and a separate interlocutory appeal of the district court's injunction.

The court of appeals, again sitting *en banc* and again divided, considered Gonzalez's motion for rehearing and her interlocutory appeal at the same time, though it denied her motion to consolidate.[8] The court of appeals denied Gonzalez's motion for rehearing of its decision in Reliant's appeal from the denial of injunctive relief, withdrew that opinion, and dismissed the first (Reliant's) appeal.[9] In the same opinion, the court of appeals affirmed the trial court's order granting Reliant's application for an anti-suit injunction, which had been issued in compliance with the court of appeals' directive in the first interlocutory appeal.[10] The court of appeals concluded that section 5A of the Probate Code gives the Hidalgo County statutory probate court concurrent jurisdiction with the Harris County district court over the wrongful death and survival suit at hand,[11] but held that section 5A does not "dispense with the requirement that proper venue must lie for a statutory probate court to exercise its concurrent jurisdiction."[12] Similarly, the court of appeals held that section 5B of the Probate Code, which gives a statutory probate court discretionary authority to transfer to itself a cause of action in which a personal representative of an estate pending in that court is a party,[13] does not dispense with the requirement that venue of the wrongful death and survival action must be proper in the probate court.[14] The court rejected Gonzalez's argument that the Hidalgo County probate court had dominant jurisdiction over the case, holding "it is axiomatic that a court cannot have 'dominant jurisdiction' if it does not have proper venue."[15]

Finally, the court of appeals concluded that venue was improper in Hidalgo County due to section 15.007 of the Civil Practice and Remedies Code, which states that "to the extent venue under this chapter for a suit by or against an executor, administrator, or guardian as such, for personal injury, death, or property damage conflicts with venue provisions under the Texas Probate Code, this chapter controls."[16]

Gonzalez filed two petitions for review in this Court. We have jurisdiction over these interlocutory appeals[17] because there were dissents in the court of appeals and because the court of appeals' opinion expressly declined to follow and conflicts

---

**8.** 102 S.W.3d 868, 870 n. 1.

**9.** *Id.* at 869–70.

**10.** *Id.* at 870.

**11.** Tex. Prob.Code § 5A.

**12.** 102 S.W.3d at 873.

**13.** Former Tex. Prob.Code § 5B, *supra* n. 5.

**14.** 102 S.W.3d at 873.

**15.** *Id.* at 874.

**16.** Tex. Civ. Prac. & Rem.Code § 15.007.

**17.** Tex. Gov't Code § 22.001(a)(1), (2). Section 22.001 was amended in 2003 to add subsection (e), which provides that one court "holds differently from another" for purposes of section 22.002(a)(2) "when there is inconsistency in their respective decisions that should be clarified to remove unnecessary uncertainty in the law and unfairness to the litigants." Tex. Gov't Code § 22.001(e); *see*

with the holding in *In re Houston Northwest Partners, Ltd.*[18] We granted Gonzalez's petitions and the petition in *Houston Northwest Partners* and consolidated the cases for oral argument. The *Houston Northwest Partners* controversy has since settled.

We note that we also have had pending before us in a separate proceeding Reliant's petition for a writ of mandamus directing the Hidalgo County probate court to withdraw its transfer order. We conditionally grant that request for mandamus relief today in a separate opinion.[19]

## II

■ It is undisputed that Gonzalez's estate administration proceeding was properly brought in the Hidalgo County statutory probate court. That court has jurisdiction over the proceeding pursuant to section 5 of the Texas Probate Code,[20] and venue is proper under section 6 of the Probate Code, which governs venue for the probate of wills and administration of estates.[21] Gonzalez's husband was domiciled in Hidalgo County at the time of his death.

■ It is also undisputed that the Hidalgo County statutory probate court has jurisdiction over Gonzalez's wrongful death and survival action. Former section 5A(c)(1), which governs this suit, provided

that "[a] statutory probate court has concurrent jurisdiction with the district court in all actions: (1) by or against a person in the person's capacity as a personal representative."[22] This Court held in *Palmer v. Coble Wall Trust Co.* that this provision, added in 1985 and then contained in section 5A(b), gave probate courts jurisdiction over wrongful death and survival actions.[23] However, this provision does not confer venue. Venue in wrongful death and survival actions is governed by section 15.002 of the Civil Practice and Remedies Code, which provides:

§ 15.002. Venue: General Rule

(a) Except as otherwise provided by this subchapter or Subchapter B or C, all lawsuits shall be brought:

(1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;

(2) in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person;

(3) in the county of the defendant's principal office in this state, if the defendant is not a natural person; or

(4) if Subdivisions (1), (2), and (3) do not apply, in the county in which the

---

*also id.* § 22.225(c), (e). That amendment does not apply to the appeals before us today.

**18.** 98 S.W.3d 777, 780 (Tex.App.-Austin 2003, orig. proceeding).

**19.** *In re Reliant Energy, Inc.*, 159 S.W.3d 624, 2005 WL 563093 (Tex.2005).

**20.** The applicable version of section 5 provides that "[i]n those counties in which there is a statutory probate court, all applications, petitions, and motions regarding probate or administrations shall be filed and heard in the statutory probate court, unless otherwise provided by law." Act of May 1, 2001, 77th Leg., R.S., ch. 63, § 1, 2001 Tex. Gen. Laws 104,

105 (amended 2003) (current version at Tex. Prob.Code § 5(d)).

**21.** Tex. Prob.Code § 6 ("Wills shall be admitted to probate, and letters testamentary or of administration shall be granted ... [i]n the county where the deceased resided, if he had a domicile or fixed place of residence in this State.").

**22.** Act of May 23, 1989, 71st Leg., ch. 1035, § 3, 1989 Tex. Gen. Laws 4162, 4164, *repealed by* Act of May 28, 2003, 78th Leg., R.S., ch. 1060, § 16, 2003 Tex. Gen. Laws 3052, 3057.

**23.** 851 S.W.2d 178, 182 (Tex.1992).

plaintiff resided at the time of the accrual of the cause of action.[24]

The accident that caused the death of Gonzalez's husband occurred in Fort Bend County, and Reliant's principal place of business is in Harris County. Accordingly, venue in Hidalgo County was not proper unless some provision of the Probate Code overrides section 15.002 with respect to wrongful death and survival actions. Gonzalez contends that even if she could not have filed and maintained her wrongful death and survival claims in Hidalgo County over Reliant's objection that venue was improper, the 1999 version of section 5B of the Probate Code,[25] which governs this case, gave the probate court unfettered authority to transfer wrongful death and personal injury claims to itself. Accordingly, Gonzalez contends that the Hidalgo County probate court had the power to transfer her Harris County suit to Hidalgo County even though venue in Hidalgo County would otherwise be improper. Neither the wording nor the history of section 5B of the Probate Code or section 15.007 of the Civil Practice and Remedies Code supports this position. Former section 5B provided:

A judge of a statutory probate court, on the motion of a party to the action or on the motion of a person interested in an estate, may transfer to his court from a district, county, or statutory court a cause of action appertaining to or incident to an estate pending in the statutory probate court or a cause of action in which a personal representative of an estate pending in the statutory probate court is a party and may consolidate the transferred cause of action with the other proceedings in the statutory probate court relating to that estate.[26]

However, section 15.007 of the Civil Practice and Remedies Code provides:

§ 15.007. Conflict With Certain Provisions

Notwithstanding Sections 15.004, 15.005, and 15.031, to the extent that venue under this chapter for a suit by or against an executor, administrator, or guardian as such, for personal injury, death, or property damage conflicts with venue provisions under the Texas Probate Code, this chapter controls.[27]

■ Thus the question is whether section 5B of the Probate Code authorized the Hidalgo County statutory probate court's transfer of the wrongful death case to itself from the Harris County district court despite section 15.007 and the fact that venue of the suit is not otherwise proper in Hidalgo County. We hold that section 15.007 of the Civil Practice and Remedies Code prohibits such a transfer when there is a timely objection. ·

■ Section 15.007 clearly curbs a party's ability to initially bring a lawsuit involving personal injury, death, or property damage in a statutory probate court when venue of the suit is not proper under Chapter 15 in the county in which the probate court is located, even if the probate court has jurisdiction to hear the suit. Section 15.007 also limits the probate court's discretion to transfer those kinds of cases to itself if venue is improper under Chapter 15.

Gonzalez's main argument—that section 5B is not a venue provision and that section 15.007 is therefore inapplicable because it governs only when there is a conflict between Chapter 15 and the venue provisions of the Probate Code—is unpersuasive. Section 5B permits a transfer.

24. Tex. Civ. Prac. & Rem.Code § 15.002(a).

25. Former Tex. Prob.Code § 5B, *supra* n. 5.

26. *Id.*

27. Tex. Civ. Prac. & Rem.Code § 15.007.

The transfer of a case pertains to venue, not jurisdiction. While section 5A grants concurrent jurisdiction in probate and district courts, section 15.007 makes clear that the transfer authority granted in section 5B is limited by the venue constraints set forth in Chapter 15 for wrongful death, personal injury, and property damage claims. Hidalgo County is not a county of proper venue for the wrongful death suit under section 15.002, as it is not a "county in which all or a substantial part of the events or omissions giving rise to the claim occurred" or the "county of the defendant's principal office in this state."[28] The venue provisions in Chapter 15 govern regardless of whether the issue is the propriety of bringing the suit in the Hidalgo County probate court in the first instance or the probate court's authority to transfer the case. The fact that suit was first brought in another county does not make venue any more proper in Hidalgo County.

The Legislature chose between competing policy considerations in enacting section 5B of the Probate Code and section 15.007 of the Civil Practice and Remedies Code. On the one hand, the Legislature has "persistent[ly] expan[ded]" the statutory probate courts' jurisdiction over the years.[29] On the other hand, the venue statutes were revised in 1995—the same year section 15.007 was added—in an effort to reduce forum shopping.[30] Section 15.007 thus evidences a policy choice by the Legislature in favor of ensuring that suits involving death, personal injury, and property damage are filed in accordance with Chapter 15's venue statutes.

Because Hidalgo County was not a county of proper venue for the wrongful death suit, the Hidalgo County statutory probate court erred in granting Gonzalez's section 5B motion to transfer. In doing so, the probate court "actively interfered with the jurisdiction" of the Harris County court.[31]

## III

■ With regard to the parties' arguments as to which court had "dominant jurisdiction" over the wrongful death suit, we agree with the court of appeals that unless venue would be proper in both Harris and Hidalgo counties, the concept of "dominant jurisdiction" is inapplicable to this case. The court in which suit is first filed generally acquires dominant jurisdiction to the exclusion of other courts *if* venue is proper in the county in which suit was first filed.[32] "As long as the forum is a proper one, it is the plaintiff's privilege to choose the forum."[33] Hidalgo County, however, was not a proper forum for Gonzalez's wrongful death suit, and the Hidalgo County statutory probate court therefore could not have acquired dominant jurisdiction over the suit even though it was first filed there.

## IV

■ Gonzalez contends that the court of appeals erred in determining that the trial

28. Tex. Civ. Prac. & Rem.Code § 15.002(a).

29. *In re Graham,* 971 S.W.2d 56, 59–60 (Tex. 1998) (citing *Palmer v. Coble Wall Trust Co.,* 851 S.W.2d 178, 181 (Tex.1992)).

30. Sen. Comm. on Economic Development, Bill Analysis, Tex. S.B. 32, 74th Leg., R.S. (1995); *see also DB Entm't, Inc. v. Windle,* 927 S.W.2d 283, 288 (Tex.App.-Fort Worth 1996, orig. proceeding).

31. *In re SWEPI, L.P.,* 85 S.W.3d 800, 809 (Tex.2002) (holding that "because the probate court transferred the Bailey suit to itself without statutory authority and thereby actively interfered with the Harris County court's jurisdiction over the case, mandamus relief is appropriate").

32. *Wyatt v. Shaw Plumbing Co.,* 760 S.W.2d 245, 248 (Tex.1988).

33. *Id.* (citation omitted).

court abused its discretion in denying an anti-suit injunction and by ordering the trial court to enter injunctive relief. We disagree.

When a Texas trial court enjoined a party from proceeding with a suit in Illinois that paralleled the Texas action, this Court observed in *Golden Rule Insurance Co. v. Harper* that an "anti-suit injunction is appropriate in four instances." [34] These were:

1) to address a threat to the court's jurisdiction;
2) to prevent the evasion of important public policy;
3) to prevent a multiplicity of suits; or
4) to protect a party from vexatious or harassing litigation. [35]

We further said that "[t]he party seeking the injunction must show that 'a clear equity demands' the injunction." [36] We held in that case that an anti-suit injunction was improperly entered because " '[a] single parallel proceeding in a foreign forum, however, does not constitute a multiplicity nor does it, in itself create a clear equity justifying an anti-suit injunction.' " [37]

In the case before us today, there are two facts, each of which distinguishes this case from the facts in *Golden Rule*. First, the Hidalgo County probate court's transfer order purported to interfere with the jurisdiction of the Harris County district court by directing the clerk of Harris County to remove the case from the docket altogether. In *Golden Rule*, allowing a suit to proceed in Illinois did not prevent the Texas court from going forward with the Texas action. Second, there is a clear equity in the interlocutory appeals now

before us that was not present in *Golden Rule*. Gonzalez initiated both the Hidalgo County and the Harris County suits. The fact that the Hidalgo County probate court had no authority to transfer the Harris County suit did not bring an end to the Hidalgo County suit. It remained pending, and Gonzalez could have continued to pursue both actions, one of which was in an improper venue, requiring Reliant to defend both actions and pursue appeals in both, if necessary. "It has long been the policy of the courts and the legislature of this state to avoid a multiplicity of lawsuits." [38] Both the need to protect the Harris County court's jurisdiction and "clear equity" justified an anti-suit injunction.

■ Gonzalez argues that the court of appeals, by dismissing the first appeal as moot and focusing only on the injunction entered after the first interlocutory appeal, effectively deprived Gonzalez of the opportunity to seek rehearing and transformed the standard of review on appeal from whether the district court abused its discretion in *denying* injunctive relief to whether the district court abused its discretion in *granting* the relief.

■ In the first interlocutory appeal, brought by Reliant, the court of appeals directed the trial court to enter an injunction. The trial court had no discretion to do otherwise unless circumstances had changed pending appeal or the court of appeals' ruling was withdrawn or reversed. When Gonzalez subsequently appealed from the trial court's dutiful entry of a temporary injunction, that did not moot

---

34. 925 S.W.2d 649, 651 (Tex.1996).

35. *Id.* (citation omitted).

36. *Id.* (quoting *Christensen v. Integrity Ins. Co.*, 719 S.W.2d 161, 163 (Tex.1986)).

37. *Id.* (quoting *Christensen,* 719 S.W.2d at 163).

38. *Wyatt v. Shaw Plumbing Co.,* 760 S.W.2d 245, 246 (Tex.1988).

her request for rehearing of the decision in the first (Reliant's) interlocutory appeal. Gonzalez was entitled to a resolution of whether the trial court abused its discretion when it initially refused to enter an anti-suit injunction. Despite the unusual procedural disposition of the case by the court of appeals, the error was nevertheless harmless. First, the court of appeals explicitly denied Gonzalez's motion for rehearing of the first appeal, though it also withdrew the opinion and vacated the judgment from that appeal. In doing so, the court of appeals reiterated its conclusion that the trial court had erred in failing to grant injunctive relief.[39] Second and more importantly, the outcome on appeal is the same regardless of which of the district court's orders is being reviewed because "a trial court has no discretion in determining what the law is or applying the law to the facts. Therefore, a failure by the trial court to analyze or apply the law correctly ... constitutes an abuse of discretion." [40] The decision to grant or deny the injunction in this case depended solely on a legal analysis, as there were no relevant, disputed facts. The denial of injunctive relief in this case would have resulted from an incorrect application of the law. The procedural errors by the court of appeals were thus harmless and do not require reversal.

\* \* \* \* \* \*

For the foregoing reasons, we affirm the court of appeals' judgment.

---

**39.** 102 S.W.3d at 875–76.

**40.** *In re Kuntz,* 124 S.W.3d 179, 181 (Tex. 2003) (citations omitted); *see also Perry v. Del Rio,* 66 S.W.3d 239, 257 (Tex.2001).