**In re OMNI HOTELS MANAGEMENT CORPORATION and Omni Hotels Franchising Company, L.L.C., Relators.**

No. 04–0140.

Supreme Court of Texas.

March 11, 2005.

Rebecca M. Alcantar, Jack Kevin Kindred, Janet Loy Hunter–Tolbert, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, Kristin Michelle Bliss, Dallas, for Relators.

Britton D. Monts, Scott R. Jacobs, Monts & Ware, LLP, Dallas, Kelcie A. Hibbs, Loe Warren Rosenfield Kaitcer & Hibbs, P.C., Fort Worth, for Real Party In Interest.

PER CURIAM.

The controlling issue in this case is whether an agreement consenting to venue in Tarrant County and stipulating that all or part of the cause of action arose there should be given effect. Because the record does not reflect that the agreement was withdrawn, it remains in effect based on the record before us. We accordingly deny mandamus relief.

Matt King drowned in Cancun, Mexico while a guest at the Omni Cancun Hotel &

Villa. His wife Lynn Neel King has not sued the Omni Cancun, but she did file a wrongful death and survival action in April 2003 in her individual capacity and as administratrix of her husband's estate against the relators, to whom we will refer as Omni. That suit was filed in a Tarrant County statutory probate court. Omni filed a motion to transfer venue to a district court in Dallas County. While that motion was pending, King and Omni filed a "Consent to Transfer of Venue" with the probate court signed by counsel for each party which said:

> The parties to this action, through their attorneys, agree and consent to transfer of venue to a civil district court in Tarrant County, Texas, which is a county of proper venue.
>
> Tarrant County is a proper venue in this matter because all or part of the Plaintiff's cause of action arose in Tarrant County. No mandatory venue statute requires that this action be maintained in the Probate Court of Tarrant, [sic] County.

Omni asserts that the day after this consent was filed, the judge of the probate court contacted its counsel, informing him that the court was not inclined to transfer the case to a district court in Tarrant County. That same day, Omni filed a letter brief with the Tarrant County probate court again urging it to transfer the case to a Tarrant County district court, but requesting that if the court did not do so, that a hearing on Omni's motion to transfer venue to Dallas County be heard and granted as soon as possible.

Omni's briefing states that about three weeks later, on October 29, 2003, a hearing was held on its motion to transfer venue to Dallas County, and the probate court granted that motion. Omni also contends

that at the hearing, the probate court allowed Omni to withdraw the "Consent to Transfer of Venue." King asserts in her briefing that Omni "verbally attempted to withdraw the Consent to Transfer Venue; however, [King] did not agree to it either verbally or in writing." We do not have a transcript of that hearing or any other indication in the record regarding withdrawal of the agreement. We have only the probate court's order transferring the wrongful death and survival suit to a Dallas County district court.

About fifteen days after the Tarrant County probate court signed the transfer order, King filed a motion in the Tarrant County probate court asking it to transfer the case back to that court. The motion was granted. Omni's petition for a writ of mandamus was denied by the court of appeals.

Because the record does not reflect that the "Consent to Transfer of Venue" was withdrawn, we must assume that it remains in effect. We cannot presume, as Omni urges, that the probate court either voided the agreement or allowed Omni to withdraw it simply because the probate court initially transferred the case to Dallas County rather than Tarrant County.

■■■ In the "Consent to Transfer of Venue," the parties agreed that venue was proper in Tarrant County and that all or part of King's cause of action arose in Tarrant County. Accordingly, venue of the wrongful death and survival action was proper in Tarrant County, and under former section 5A of the Probate Code, which governs this case, the statutory probate court had concurrent jurisdiction with district courts of wrongful death and survival actions.[1] Because of the consent to venue

---

1. Act of May 23, 1989, 71st Leg., ch. 1035, § 3, 1989 Tex. Gen. Laws 4162, 4164, re-

pealed by Act of May 28, 2003, 78th Leg., R.S., ch. 1060, § 16, 2003 Tex. Gen. Laws

in Tarrant County and the stipulation that all or part of the cause of action arose there, Omni could not complain that King originally filed her suit in Tarrant County. The probate court therefore abused its discretion in initially transferring the case to Dallas County because when a plaintiff files suit in a proper venue, that choice of venue should be honored absent a mandatory venue statute that requires transfer.[2] Nevertheless, the Tarrant County probate court had the authority under former section 5B of the Probate Code,[3] which applies in this case,[4] to transfer the Dallas County suit back to itself since venue was proper in Tarrant County based the parties' agreed statement of facts.[5] Accordingly, we deny the request for mandamus relief.

3052, 3057. (former section 5A(c)(1) provided that "[a] statutory probate court has concurrent jurisdiction with the district court in all actions: (1) by or against a person in the person's capacity as a personal representative."); see also *Palmer v. Coble Wall Trust Co.*, 851 S.W.2d 178, 182 (Tex.1992) (holding that this provision, added in 1985 and then contained in section 5A(b), gave probate courts jurisdiction over wrongful death and survival actions).

**2.** *GeoChem Tech Corp. v. Verseckes*, 962 S.W.2d 541, 544 (Tex.1998).

**3.** Act of May 20, 1999, 76th Leg., R.S., ch. 1431, § 1, 1999 Tex. Gen. Laws 4876, 4876 (amended 2003) (current version at Tex. Prob. Code § 5B).

**4.** Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 23.02(d), 2003 Tex. Gen. Laws 847, 899

(effective September 1, 2003) ("Except as otherwise provided in this section or by a specific provision in an article, this Act applies only to an action filed on or after the effective date of this Act. An action filed before the effective date of this Act, including an action filed before that date in which a party is joined or designated after that date, is governed by the law in effect immediately before the change in law made by this Act, and that law is continued in effect for that purpose.").

**5.** See *Gonzalez v. Reliant Energy, Inc.*, 159 S.W.3d 615, 2005 WL 563092 (Tex.2005) (decided today); *In re Reliant Energy, Inc.*, 159 S.W.3d 624, 2005 WL 563093 (Tex.2005) (also decided today).