In re COLUMBIA/ST. DAVID'S HEALTHCARE SYSTEM, L.P., d/b/a South Austin Hospital, Relator.

No. 03–0661.

Supreme Court of Texas.

Nov. 18, 2005.

Richard A. Sheehy, Sheehy, Serpe & Ware, P.C., Houston, Missy K. Atwood,

---

1. The rule has been abrogated by statute in most areas of taxation.

Mullen & Atwood, LLP, Austin, and Steven M. Gonzalez, Gonzales Gaytan Garza & Castillo, LLP, McAllen, for Relator.

Christopher A. Prine and Sarah Elizabeth Patel, Crain Caton & James, PC, Houston, Jose Santiago Solis, Harlingen, Sean Patrick Tracey, Clark Depew & Tracey,L.L.P., Houston, for Respondent.

PER CURIAM.

In *Gonzalez v. Reliant Energy, Inc.,* 159 S.W.3d 615, 621–22 (Tex.2005) and in *In re Reliant Energy, Inc.,* 159 S.W.3d 624, 626 (Tex.2005), we held that section 15.007 of the Texas Civil Practice and Remedies Code directs that in a wrongful death or personal injury case, the venue provisions in Chapter 15 take precedence over the venue provisions of the Texas Probate Code.

Both the relator and the real parties in interest to this mandamus proceeding have informed us that they believe these opinions control this case and they therefore "agree that the Court should issue the writ of mandamus and direct the [Hidalgo County Probate Court] to vacate its order that transferred the underlying case from the District Court of Travis County to the Probate Court No. One of Hidalgo County." We agree.

Pursuant to Texas Rule of Appellate Procedure 52.8(c), we grant the petition for writ of mandamus and issue this opinion without hearing oral argument. We conditionally grant mandamus relief and direct the Hidalgo County Probate Court to vacate its order granting the motion to transfer. Our writ will issue only if the probate court fails to act in accord with this opinion.