Petition for Writ of Mandamus
Denied and Memorandum Opinion filed January 21, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00001-CV

____________

 

IN RE ELIZABETH THOMAS, Relator

 

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

 

 



M E M O R
A N D U M   O P I N I O N

            On January 7, 2010, relator Elizabeth Thomas filed a petition
for writ of mandamus seeking relief from rulings by the Honorable Joseph J.
Halbach, presiding judge of the 333rd District Court of Harris County, in cause
number 2008-50750, styled Elizabeth Thomas v. Dorothy Elizabeth Cook and
Ardyss International, Inc. See Tex. Gov’t Code Ann. § 22.221 (Vernon
2004); see also Tex. R. App. P. 52. Thomas also filed an emergency
motion for stay of the trial court’s December 4, 2009, order compelling her
deposition on December 17, 2009. See Tex. R. App. P. 52.10.

            On October 2, 2009, the trial court signed a final judgment
confirming an arbitration award in the underlying case. The judgment ordered
Thomas to pay $54,062.73 to Cook and $48,638.68 to Ardyss International pursuant
to the arbitration award. Thomas appealed the judgment, and her appeal is pending
under this court’s case number 14-09-00892-CV.  

            Thomas
raises six issues in her petition; five of these issues challenge the judgment
confirming the arbitration award. In summary, she asserts that (1) the trial
court lacked jurisdiction over Ardyss International; (2) the trial court
erroneously ordered arbitration and should not have confirmed the arbitration
award; (3) the trial court improperly denied her voluntary dismissal; (4) the
trial court erroneously awarded attorney’s fees on Cook’s fraud allegation; (5)
the underlying judgment is interlocutory and the trial court abused its
discretion in permitting execution on the judgment; and (6) the trial court
abused its discretion in ordering sanctions for non-appearance at a deposition
and the court’s post-judgment discovery order violates her substantive rights. 

Mandamus will issue if the relator establishes a clear abuse of
discretion for which there is no adequate remedy by appeal. In re Prudential
Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004). The underlying
judgment is final and appealable. See Lehmann v. Har-Con Corp., 39
S.W.3d 191, 192-93 (Tex. 2001) (discussing finality of judgments rendered
without a conventional trial on the merits). Orders compelling arbitration may
be reviewed on appeal from the final judgment. See Chambers v. O’Quinn,
242 S.W.3d 30, 31 (Tex. 2007). Because Thomas has appealed the final judgment,
she has an adequate remedy to challenge it and she is not entitled to mandamus
relief.

In her final issue, Thomas challenges the trial court’s post-judgment
order. Some post-judgment orders are final and appealable. See, e.g., Burns
v. Miller, Hiersche, Martens & Hayward, P.C., 909 S.W.2d 505, 506 (Tex.
1995) (holding turnover orders are final and appealable). Post-judgment discovery
orders may be reviewed by mandamus, however. See Parks v. Huffington,
616 S.W.2d 641, 644-45 (Tex. Civ. App.—Houston [14th Dist.] 1981, writ ref’d
n.r.e). 

Thomas initially challenges the order awarding sanctions for her
non-appearance at a previously noticed deposition. When the trial court granted
Cook’s motion to compel Thomas’s post-judgment deposition by order signed
December 4, 2009, the court awarded $1,000 sanctions to Cook. Sanctions orders
are appealable with the final judgment. In re Smith, 192 S.W.3d 564, 569
(Tex. 2006). Therefore, Thomas also has an adequate remedy to attack the
sanctions order through her pending appeal. 

Finally, Thomas alleges her rights are being violated by post-judgment
discovery. Thomas claims that the trial court’s post-judgment order interferes
with the related action in federal court and that her right to defend herself
in that litigation will be prejudiced by post-judgment discovery in the state
court action. She asserts mandamus is appropriate, citing In re Reliant
Energy, Inc., 159 S.W.3d 624, 626 (Tex. 2005) (granting mandamus relief to
enforce mandatory venue statute). According to the arbitration award, Thomas
brought suit in federal court asserting the same causes of action as alleged in
the state court. The federal action was ordered to arbitration and assigned to
the same arbitrator. The award states that it is in full settlement of all
claims and counterclaims. Thomas has not demonstrated how post-judgment
discovery will interfere with the federal court’s jurisdiction, and she is
therefore not entitled to mandamus relief on this basis.

To the extent that Thomas has asserted that the trial court lacked
jurisdiction to enter its post-judgment order, her contention is without merit.
While the trial court’s power to vacate, modify, correct or reform a judgment
ceases on the expiration of its plenary power under Texas Rule of Civil
Procedure 329b, the court’s power to enforce its judgment is not so limited. Arndt
v. Farris, 633 S.W.2d 497, 499 (Tex. 1982). Rule 621a is an aid to
enforcement of the court’s judgment and the trial court has continuing
jurisdiction over post-judgment discovery as set forth in the rule. Arndt,
633 S.W.2d at 499. Post-judgment discovery proceedings are authorized as long
as the judgment has not been suspended by a supersedeas bond or court order and
has not become dormant. Tex. R. Civ. P. 621a. The judgment in this case has not
been superseded or otherwise suspended. Thomas has not shown that the trial
court’s post judgment order is subject to mandamus.

            Thomas has not established that she is entitled to mandamus
relief. Accordingly, we deny the petition for writ of mandamus and motion for
stay. 

 

                                                                        PER
CURIAM

 

 

Panel
consists of Chief Justice Hedges and Justices Anderson and Christopher.