No. 15-25-00005-CV

ACCEPTED
15-25-00005-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
9/30/2025 10:00 AM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
9/30/2025 10:00:00 AM
CHRISTOPHER A. PRINE
Clerk

# In The
# Fifteenth Court Of Appeals

◆

JOHNNY PARTAIN
*Appellant*

v.

STATE OF TEXAS
*Appellee*

◆

## Appellant's Motion To Take Judicial Notice Of Final Judgment Pursuant To TRE 201 (c) (2)

◆

JOHNNY R. PARTAIN
7020 N 16th Street
McAllen, Texas 78504
956-240-1821

No. 15-25-00005-CV

# In The
# Fifteenth Court Of Appeals

◆

JOHNNY PARTAIN
*Appellant*

v.

STATE OF TEXAS
*Appellee*

◆

## Appellant's Motion To Take Judicial Notice Of Final Judgment Pursuant To TRE 201 (c) (2)

◆

TO THE HONORABLE JUSTICES OF THIS COURT:

COMES NOW JOHNNY PARTAIN, Appellant in the above styled and numbered cause and files his *Appellant's Motion To Take Judicial Notice Of Final Judgment Pursuant To TRE 201 (c) (2),* and respectfully shows unto the Court the following.

1.      Hidalgo County 332nd District Court entered its final order, <u>ORDER DISMISSING CAUSE AS MOOT</u>, in case no. C-0929-12-F on July 29, 2025.  The Hidalgo District Court found that "Johnny Partain has already been justly and adequately compensated by the State Of Texas for all his claims in the above styled and numbered cause, making this case

MOOT." The Court ordered that "any orders or judgments previously issued in this case are vacated." See the attached ORDER DISMISSING CAUSE AS MOOT. The State of Texas was a defendant and accepted this order without complaint or appeal, and it is now final. Plaintiff makes this motion to this Appeals Court to take judicial notice of this order pursuant to Texas Rules of Evidence 201 (c) (2), and to apply it to this instant case.

2.      This final order comes from a parallel case to this instant case regarding an inverse condemnation debt filed in Hidalgo County District case no. C-0929-12-F, on April 5, 2012, by Partain against the State of Texas. Case no. C-0929-12-F has dominant jurisdiction over Travis County case no. D-1-GN-24-002560 since the Hidalgo court was the first court to exercise jurisdiction over the issue of constitutional debt between Johnny Partain and the State of Texas. The State of Texas illegally claimed sovereign immunity to Partain's constitutional inverse condemnation complaint in case no. C-0929-12-F and then sued Partain in case no. D-1-GN-24-002560 to stop him from collecting compensation because it claimed it owed no debt since it could not be litigated against. Litigation and compensation of debt are two distinct concepts; the State's argument doesn't lay. However, Hidalgo County District Court's final order contradicts the entire nexus of the State's Travis County case because it establishes that Partain was owed a debt for which he was justly and adequately compensated by the State of Texas for all his claims, and that there are no other orders flowing from the the Hidalgo case.[1] It is easy to show through the Hidalgo Court's

---

[1] The State requested in its First Amended Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction (Rec. 8-20, p. 4, Footnote 1) that the Appeals Court take judicial notice of the proceedings and order in the Hidalgo County Case, Partain v. Guerra et al., No. C-0929-12-F (Hidalgo County Judicial District 332, Tex. Nov. 2, 2021) wherein Johnny Ray Partain's claims that the State had engaged in an unconstitutional taking against him was dismissed with prejudice. That order was vacated by the Hidalgo District Court in its final order finding Partain had been compensated by the State of Texas making the case moot.

order, now that Partain has been vindicated, that the State lacked any reasonable legal basis for its lawsuit against Partain in this instant case.

3. First, the State of Texas misrepresented in its First Amended Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction (Rec. 8-20, p. 10, ¶ 15)that [sic] "Partain's claims of an unlawful taking against him by the State have been adjudicated and denied (in case C-0929-12-F)." The State was not referring to a final order however. The interlocutory order upon which the State put all its weight was vacated by the recent final order, ORDER DISMISSING CAUSE AS MOOT, of the Hidalgo District Court. Texas should have brought its complaint and arguments to the Hidalgo case to enforce its orders if it really thought it had a reasonably enforceable order upon which it could rely in the Travis case. *In re J.B. Hunt Transport, Inc., 492 S.W.3d 287, 294 (Tex. 2016) (orig. proceeding); Gonzalez v. Reliant Energy, Inc., 159 S.W.3d 615, 622 (Tex. 2005); Wyatt v. Shaw Plumbing Co., 760 S.W.2d 245, 248 (Tex. 1988).* It did not. The State misrepresented its way into the wrong side of the law in the Travis County Court.

4. Second, the Hidalgo order contradicts the State of Texas' First Amended Petition (Rec. 8-20) where it complains in its Factual Background that Partain was owed no debt by the State of Texas (¶¶ 11, 15). The State filed its *Plaintiff's First Amended Petition And Request For Temporary Restraining Order, Temporary Injunction, And Permanent Injunction* (C.R. at 8-20) in the Travis case on November 4, 2024, claiming that "upon information and belief, the State does not owe Partain any legal debt" (Id. ¶ 11). Texas claimed that "false claim of a security interest in state property interferes with the State's vested property rights" (Id.¶ 13). Texas then asserted that "[S]pecifically, Partain knew or should have known that he does

not have a security interest in any of the State's property when he filed or caused to be filed the Financing Statement because Partain's claims of an unlawful taking against him by the State have been adjudicated and denied." (Id. ¶ 13). Texas relied upon its misunderstandings, or its misrepresentations, to the Travis County District Court to disingeneously cite that a Hidalgo County District Court had already filed a final judgment in cause no. C-0929-12-F against Partain finding that Texas owed no debt. (Id. ¶ 15). There was no final judgment. Texas prayed that the Court would permanently enjoin Partain [sic] "from attempting to collect the alleged security interest (the debt) described in the Financing Statement."(Id. ¶ 36, 37). The State was wrong and misrepresented its way into being on the wrong side of the law in the Travis Court.

5.     Third, the Hidalgo order defeats the State of Texas' Appellee's Brief as follows. Texas describes the nature of the case in its STATEMENT OF THE CASE, p. 1., as an action "enjoining Partain from enforcing it (financing statement) or from filing other fraudulent financing statements groundlessly claiming a security interest in State property." There was nothing groundless or fraudulent about collecting a constitutional debt that the State owed. The State has no immunity to paying compensation. The State relied upon its STATEMENT OF FACTS on p. 5, ¶ 1, that "on November 20, 2020, the Hidalgo County District Court dismissed Partain's inverse condemnation claims with prejudice. C.R. 59." And yet, that interlocutory order was vacated as required by law and as ordered by the Hidalgo Court in its ORDER DISMISSING CAUSE AS MOOT. <u>Partain motions this Appeals Court to take judicial notice that the order represented in C.R. 59 has been vacated</u>

and doesn't exist.  The State misrepresented its way into being on the wrong side of the law in the Travis Court.

6.      Forth, the State explained why it had standing to file its lawsuit against Partain in its Appellee's Brief at p. 21, ¶ 1, because as it states "Standing is a jurisdictional prerequisite to suit that requires a plaintiff plead (1) an injury in fact (2) that is fairly traceable to the defendant's conduct and (3) is redressable by the court. Heckman, 369 S.W.3d at 154-55. The State fulfills each of these elements."  But now that the Hidalgo Court has entered its final judgment vindicating Partain's efforts to be "justly and adequately compensated by the State Of Texas for all his claims", where's the injury to the State?  Where's the standing? The State accepted this Hidalgo Court'sfinal order.  The State is on the wrong side of the law.

7.      Fifth, the State defends itself in it Appellee's Brief, at p. 30 ¶ G., that -

> "[T]he State's complaint is not moot. Partain's claim that the case
> is moot is based in Partain's claim that "Partain has already
> collected the debt[.]" Appellant's Brief at 33. Partain does not
> point to where in the record he raised this claim in the lower
> court. Id. But the extent Partain raised it in the lower court, the
> district court properly denied it. A case is moot when there is no
> controversy for the court to adjudicate. Heckman, 369 S.W.3d at
> 162. The case is not moot because the State continues to have an
> interest in the outcome".

What further possible outcome does the State have? Partain has already been "justly and adequately compensated by the State Of Texas for all his claims" per the ORDER DISMISSING CAUSE AS MOOT and the State accepted the order. Partain has been satisfied and the State has paid its debt to him as legally required under the constitutions. What further possible interest of the State is there?

8.      Finally, none of these recent events should be of any surprise. Partain responded in his *Defendant's Quick Response to Plaintiff's Brief Regarding it's Application for Temporary Injunction (C.R. at 81-120)* that he had "already been adequately compensated which is why the Plaintiff (Texas) is complaining." Partain pointed out that "The Plaintiff petitions and motions this court to uncompensate the Defendant and to interfere with his (Partain's) vested property rights. Partain argued that "[T]here is no legal authority that allows the court to do that (to uncompensate), and in fact the Tx. Const. Art. 1 Sec. 29 voids any acts of the State to do so." Id. ¶ 6. In fact, Partain had previously filed in his *Plea To The Jurisdiction* (Appellant's Brief Appendix, Rec. 1) that the state "lacks standing to complain" because the State of Texas "cannot be injured by having its debt collected." (Id. ¶ 10). Partain explained in paragraph 7 that he "collected his adequate compensation through different methods within the restraints of US Constitution and Texas Constitution, as he cautioned the Governor and Attorney General that he would. The debt has been mostly collected, and should be completely collected within September of 2024." Partain pointed out in paragraph 8 that "there are no statutory remedies or pleas in equity available for judicial discretion to overturn a constitutional mandate or to unpay the compensation required by the US Constitution and Texas Constitution." Partain has been vindicated

through the final ORDER DISMISSING CAUSE AS MOOT. The State is on the wrong side of the law, and has no standing to complain.

9. Wherefore premises considered, Partain moves this Court to take judicial notice of Hidalgo County 332nd District Court's ORDER DISMISSING CAUSE AS MOOT, entered in case no. C-0929-12-F on July 29, 2025, finding that "Johnny Partain has already been justly and adequately compensated by the State Of Texas for all his claims" and that "any orders or judgments previously issued in this case are vacated." Partain moves this Court to apply the order to this instant case. Partain prays for all other relief he may be entitled under equity and law.

Respectfully Submitted,

Johnny Partain
7020 N 16th Street
McAllen, Texas 78504
partain@atlastechnologies.biz
956-240-1821

CERTIFICATE OF CONFERENCE

As required by TRAP 10.1(a)(5), I certify that I have conferred, or made a reasonable attempt to confer, with all other parties through Mr. Kyle Argenbright, Assistant Attorney General Litigation Division, Kyle.Argenbright@oag.texas.gov, about the merits of this motion. There was no response.

Date: September 29, 2025

CERTIFICATE OF SERVICE

This certifies that a true and correct copy of the foregoing document has been serviced by email to Mr. Kyle Argenbright, Assistant Attorney General General Litigation Division, Kyle.Argenbright@oag.texas.gov, on this September 29, 2025.

Johnny Partain
7020 N 16th Street
McAllen, Texas 78504
partain@atlastechnologies.biz
956-240-1821

Electronically Filed
7/24/2025 4:32 PM
Hidalgo County District Clerks
Reviewed By: Cassandra Esquivel

CAUSE NO. C-0929-12-F

| | | |
|---|---|---|
| JOHNNY PARTAIN | § | IN THE 332 DISTRICT COURT |
| Plaintiff | § | |
| | § | OF HIDALGO COUNTY, TEXAS |
| VS. | § | |
| | § | |
| CONSTABLE J.E. "EDDIE" GUERRA, | § | |
| HIDALGO COUNTY PRECINCT 4 in his | § | |
| Official Capacity and Individually, and | § | |
| ET AL. | § | |
| Defendants | | |

## ORDER DISMISSING CAUSE AS MOOT

COMES NOW THE COURT finding that Johnny Partain has already been justly and adequately compensated by the State Of Texas for all his claims in the above styled and number cause, making this case MOOT.

IT IS ORDERED that any orders or judgments previously issued in this case are vacated.

IT IS ORDERED that this case is DISMISSED with prejudice.

Signed this day __29__ of __July__, 2025.

DATE __7-29-25__

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas

By _____ Deputy #56

_____
DISTRICT JUDGE JUAN ALVAREZ

cc:
Ms. Josephine Ramirez Solis, via email: josephine.ramirez@da.co.hidalgo.tx.us
Mr. William J. McCarthy, via email: thefirm@oxfordandgonzalez.com
Mr. Johnny Partain, via email: partain@atlastechnologies.biz
Mr. Benjamin Dower, via email: Benjamin.dower@texasattorneygeneral.gov
Mr. Charles Murray, Atlas & Hall, LLP., via email: ccmurray@atlashall.com
Mr. Harold Liller, via email: harold.liller@texasattorneygeneral.gov
Mr. R.D. Guerra, via email: RDGuerra@2uerrasabo.com
Ms. Kelli Caitlin Fuqua, via email: Kelli.Fuqua@texasattorneygeneral.gov
Mr. Michael Lee Garza, via email: michael.garza@da.co.hidalgo.tx.us;

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 106243088
Filing Code Description: Motion
Filing Description: 250926 Appellants Motion To Take Judicial Notice Of Final Judgment Pursuant To TRE 201 (c) (2)
Status as of 9/30/2025 12:16 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ali Thorburn | | Ali.Thorburn@oag.texas.gov | 9/30/2025 10:00:00 AM | SENT |
| Johnny Partain | | partain@atlastechnologies.biz | 9/30/2025 10:00:00 AM | SENT |
| Kyle Argenbright | | Kyle.Argenbright@oag.texas.gov | 9/30/2025 10:00:00 AM | SENT |
| Chelsea Goodman | | chelsea.goodman@oag.texas.gov | 9/30/2025 10:00:00 AM | SENT |