**Reverse and Remand and Opinion Filed July 20, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01245-CV

**PIONEER NATURAL RESOURCES USA, INC., Appellant**
**V.**
**TEXAS DEPARTMENT OF TRANSPORTATION, Appellee**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-11258**

## MEMORANDUM OPINION
Before Justices Bridges, Brown, and Schenck
Opinion by Justice Bridges

Pioneer Natural Resources USA, Inc. appeals the trial court's order granting the motion to dismiss for want of jurisdiction filed by Texas Department of Transportation (TxDot) in the underlying lawsuit. In two issues, Pioneer argues the trial court erred in dismissing its third-party petition against TxDOT because the applicable mandatory venue provision is not a jurisdictional requirement, and venue was proper in Dallas County. We reverse the trial court's order dismissing Pioneer's third-party petition and remand for further proceedings.

On April 1, 2016, a fatal motor vehicle collision occurred in Midland County, Texas, between a vehicle operated by Edward Pittinger and a Kenworth tractor trailer owned, serviced, and maintained by Pioneer-related business entities. On September 6, 2016, Pittinger's survivors filed a petition in Dallas County asserting wrongful death and survival claims against the Pioneer-

related business entities. In August 2017, Pioneer was joined as an additional party to the lawsuit. On August 11, 2017, Pioneer filed a third-party petition against TxDOT alleging TxDOT was the "possessor of the portion of SH 158 where the accident occurred" and asserting TxDOT breached its duties to ensure the roadway was free from defects and to warn drivers of the dangerous condition of the roadway. In an amended third-party petition, Pioneer alleged venue was proper in Dallas County because "Dallas houses statewide planning and maintenance offices" of TxDOT where negligence occurred.

In September 2017, TxDOT filed a motion to dismiss Pioneer's third-party petition for want of jurisdiction. TxDOT argued that a claimant was entitled to a waiver of sovereign immunity "only if the claim meets each and every requirement for waiver under the entire" Texas Tort Claims Act (TTCA). TxDOT cited section 101.102(a) of the civil practice and remedies code, which concerns where suits that rely on the TTCA for waiver of immunity must be brought. As TxDOT pointed out, section 101.102(a) provides that "A suit under this chapter shall be brought in state court in the county in which the cause of action or a part of the cause of action arises." TxDOT further cited section 311.034 of the government code, which provides that "Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental unit." Therefore, TxDOT argued, the "consequence of a failure to comply" with the "statutory prerequisites" is dismissal. In making this argument, TxDOT asserted that the requirement that a suit under the TTCA be brought in the county where the cause of action arose is jurisdictional. Moreover, TxDOT argued that connections with Dallas County were irrelevant because the cause of action asserted was based on an alleged defect of TxDOT's premises, and such a cause of action is deemed to have arisen entirely in the county where the alleged defective condition was located.

Pioneer filed a response to TxDOT's motion to dismiss in which it argued the main action between plaintiffs and defendants establishes venue, not third-party actions, relying on *McIntosh as Next Friend of McIntosh v. Copeland*, 894 S.W.2d 60, 64, (Tex. App.—Austin 1995, writ denied). Pioneer also relied on section 15.062(a) of the civil practice and remedies code, which provides that "Venue of the main action shall establish venue of a counterclaim, cross claim, or third-party claim properly joined under the Texas Rules of Civil Procedure or any applicable statute." Section 15.062(b) also provides the following:

> If an original defendant properly joins a third-party defendant, venue shall be proper for a claim arising out of the same transaction, occurrence, or series of transactions or occurrences by the plaintiff against the third-party defendant if the claim arises out of the subject matter of the plaintiff's claim against the original defendant.

In addition, Pioneer argued that, even if section 101.102 overrode plaintiffs' choice of venue, dismissal was not a proper remedy to correct improper venue. Instead, transfer of the case was the proper remedy.

TxDOT filed a response in which it argued that the appropriate action for a court to take upon determining that the court lacks subject matter jurisdiction based on a plea to the jurisdiction is to dismiss for failure to plead a waiver of immunity under the TTCA. TxDOT argued this "all or nothing" approach is fundamental to the concept of subject matter jurisdiction and makes the operation of sovereign immunity and the TTCA different from other areas of law. In addressing Pioneer's arguments related to venue issues, TxDOT argued that a challenge to venue is concerned with whether the suit was brought in the wrong county, while failure to file suit in accordance with section 101.102(a) deprives a court of subject matter jurisdiction. On October 9, 2017, the trial court ordered that TxDOT was "dismissed from this action without prejudice." This appeal followed.

In its first issue, Pioneer argues the trial court erred in dismissing its third-party petition against TxDOT based on the TTCA's venue provision, which is not a statutory prerequisite to filing suit and, therefore, not a jurisdictional requirement.

In contrast, TxDOT argues, as it did in the court below, that section 101.102(a) provides that "A suit under this chapter shall be brought in state court in the county in which the cause of action or a part of the cause of action arises." TEX. CIV. PRAC. & REM. CODE ANN. § 101.102(a) (West 2011). TxDOT further cites section 311.034 of the government code, which provides that "Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental unit." TEX. GOV'T CODE ANN. § 311.034 (West 2013).

The term "statutory prerequisite" has three components: (1) a prerequisite must be found in the relevant statutory language, (2) the prerequisite must be a requirement, and (3) the term "pre" indicates the requirement must be met before the lawsuit is filed. *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 511 (Tex. 2012). TxDOT argues section 101.102(a)'s requirement regarding venue is a "statutory prerequisite." Thus, TxDOT argues, the consequence of a failure to comply with the "statutory prerequisite" found in section 101.102 is dismissal. We disagree.

TxDOT concedes in its brief that no court has, since the enactment of section 311.034, "had occasion . . . to decide whether Section 101.102(a) constitutes a statutory prerequisite to suit." In the absence of any authority establishing that section 101.102(a) is a "statutory prerequisite," we decline to apply section 311.034's provisions to make compliance with section 101.102(a) a jurisdictional requirement. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.102(a) (West 2011); TEX. GOV'T CODE ANN. § 311.034 (West 2013).

Moreover, it is the plaintiff who makes the first choice of venue by filing the lawsuit. *Perryman v. Spartan Tex. Six Capital Partners, Ltd.*, 546 S.W.3d 110, 130 (Tex. 2018). When the plaintiff files in a "proper" venue, "that choice of venue should be honored absent a mandatory

–4–

venue statute that requires transfer." *Id.* (quoting *In re Omni Hotels Mgmt. Corp.*, 159 S.W.3d 627, 629 (Tex. 2005)).  Citing section 15.062(a)'s provision that venue of the main action "shall" establish venue of a counterclaim, cross claim, or third-party claim, the court in *Perryman* determined that, by its plain and common meaning, "shall" denotes mandatory action.  *Id.* at 131. The court held that section 15.062(a) was, therefore, a mandatory venue provision.  *Id.* at 132. Because section 101.102(a) also contains language that a suit "shall" be brought in state court in the county in which the cause of action or a part of the cause of action arises, it appears section 101.102(a) is also a mandatory venue provision.  *See id.*

In *Perryman*, the court was similarly presented with two competing mandatory venue provisions.  *See id.*  In reconciling the two provisions, the court relied on a previous case in which the court considered the venue statutes together with the rules of civil procedure to hold that "if the plaintiff chooses a county of proper venue, . . . no other county can be a proper venue in that case."  *Id.* at 133 (quoting *Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 260 (Tex. 1994)).  Such a reading, the court held, "gives effect to the plaintiff's right to select a proper venue." *Id.* at 133 (quoting *Wilson*, 886 S.W.2d at 260).  In holding that the third-party-venue provision controlled over other mandatory venue provisions, the court in Perryman reasoned that such a holding "gives effect to both provisions while honoring the general rule that the plaintiff makes the first choice of appropriate venue."  *Id.* at 133.

Applying the court's reasoning in *Perryman* to the facts of this case, we conclude the third-party-venue provision, section 15.062(a), controls over other mandatory venue provisions.  *See id.* at 130-33.  Thus, we conclude the trial court erred in dismissing Pioneer's claims under section 101.102(a).  Further, because the plaintiff in this case chose Dallas County in which to file suit, and no party challenges Dallas County as a county of proper venue with respect to plaintiff's

–5–

claims, we conclude no other county can be a proper venue in this case. *See id.* We sustain Pioneer's first and second issues.

We reverse the trial court's order dismissing Pioneer's third-party petition and remand for further proceedings consistent with this opinion.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

171245F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

PIONEER NATURAL RESOURCES
USA, INC., Appellant

No. 05-17-01245-CV     V.

TEXAS DEPARTMENT OF
TRANSPORTATION, Appellee

On Appeal from the 162nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-16-11258.
Opinion delivered by Justice Bridges.
Justices Brown and Schenck participating.

In accordance with this Court's opinion of this date, the trial court's order dismissing Pioneer Natural Resources USA, Inc.'s third-party petition against the Texas Department of Transportation is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant Pioneer Natural Resources USA, Inc. recover its costs of this appeal from appellee Texas Department of Transportation.

Judgment entered July 20, 2018.